**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 23-154-1 & -2 |
| CHRISTOPHER BURTON | : | |
| KHALIL JACKSON-FLETCHER | : | |

**MEMORANDUM**

**SURRICK, J.**                                                         **May 15, 2025**

## I.    BACKGROUND

The 11-count Indictment in this matter charges Defendant Christopher Burton ("Burton") and his co-defendant Khalil Jackson-Fletcher ("Jackson-Fletcher") with conspiracy to commit kidnapping and other offenses related to two alleged kidnapping incidents: the first on December 18, 2021 ("December Incident") and the second around February 4-6, 2022 ("February Incident"). (See Indictment, ECF No. 1.)  Presently before the Court are Burton's counseled Motion for Severance And Relief from Prejudicial Joinder Pursuant to Federal Rules of Criminal Procedure 8 and 14 ("Motion to Sever Counts," ECF No. 92), Jackson-Fletcher's Motion to Join the Motion to Sever Counts ("Motion to Join," ECF No. 94), and the Government's Response in Opposition to the Motion to Sever Counts (ECF No. 106).[1]  Defendants argue that the charges related to conspiracy and the December Incident should be severed and proceed to trial separately from the charges related to the February Incident.

---

[1]        In its response, the Government stated that it "does not object to Jackson-Fletcher's motion for joinder." (ECF No. 106 at 5.)

Defendants contend that, if counts concerning the December and February Incidents are tried together, the jury is likely to consider the evidence cumulatively and improperly infer that, if Defendants committed the offenses related to the December Incident, they probably committed the offenses related to the February Incident.[2]  The Government responds that joinder is proper and strongly preferred because both incidents are the product of a single conspiracy that encompasses all of the kidnappings and other offenses allegedly committed in December 2021 and February 2022.  The Government further argues that, since the case is relatively straightforward, the jury should be capable of compartmentalizing the evidence.

Given the preference that courts try counts related to a single conspiracy together, and our assessment that a jury would reasonably be capable of compartmentalizing the evidence in this relatively straightforward case, the Motion to Sever will be denied.

## II.    LEGAL STANDARD

We assess whether joinder is proper, and if severance is warranted, under Rules 8 and 14 of the Federal Rules of Criminal procedure.

### A.    Rule 8

Rule 8 governs joinder of offenses and defendants, *United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003), and states:

> (a) Joinder of Offenses.  The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

---

[2]    In addition to the reasons in Burton's Motion, Jackson-Fletcher argues that, "[b]ecause the February [Incident] involves a minor victim, there is a danger that the jury will be so inflamed … that it will be unable to render a fair verdict as to the [December Incident]."  (Motion to Join, ECF No. 94 ¶¶ 11-12.)  We address this argument as part of the analysis in Section III.B.

> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8.

In evaluating whether joinder was proper under Rule 8, we first consider which subsection applies. The Third Circuit has held that Rule 8(a) applies only to prosecutions involving a single defendant, and that in a multidefendant case such as this, the tests for joinder of counts and defendants are merged in Rule 8(b). *Irizarry*, 341 F.3d at 287 (internal citations omitted). However, the Third Circuit has also expressed in dicta that Rule 8(a) should apply when "a defendant in a multi-defendant case challenges only the joinder of offenses." *United States v. Green*, 563 F. App'x 913, 916 (3d Cir. 2014).

Since joinder here satisfies even the stricter standard of Rule 8(b)—which we apply for purposes of this Motion and which necessarily meets the more permissive standard under Rule 8(a)—this case does not require us to decide which standard applies. Under Rule 8(b), "[i]t is not enough that defendants are involved in offenses of the same or similar character"; instead, there must be a transactional nexus such that the charged offenses constitute the "same act or transaction, or … the same series of acts or transactions." *United States v. Jimenez*, 513 F.3d 62, 82–83 (3d Cir. 2008) (internal citations omitted).

### B.    Rule 14

Even if joinder is proper under Rule 8, a court may still grant a defendant relief from prejudicial joinder under Rule 14, which states in relevant part:

> (a)    Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order

3

> separate trials of counts, sever the defendants' trials, or provide any
> other relief that justice requires.

Fed. R. Crim. P. 14(a).

To prevail on a Rule 14 motion, a defendant must "pinpoint clear and substantial prejudice resulting in an unfair trial." *United States v. Riley*, 621 F.3d 312, 335 (3d Cir. 2010). Moreover, "[t]he decision to sever a trial is left to the sound discretion of the District Court." *United States v. Ginyard*, 65 F. App'x 837, 838 (3d Cir.2003) (citing *Zafiro v. United States*, 506 U.S. 534, 538-39 ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.")).

## III.    DISCUSSION

### A.    Whether Counts in the Indictment Are Properly Joined Under Rule 8.

Under Rule 8(b), joinder in a multi-defendant case is proper if charged offenses constitute the "same act or transaction" or "are in the same series of acts or transactions constituting an offense or offenses." *See Jimenez*, 513 F.3d at 83. The touchstone of the analysis is whether multiple incidents alleged are substantively interrelated. *United States v. Pierce,* No. 23-cr-90, 2025 WL 934550, at *8 (W.D. Pa. Mar. 27, 2025)

Defendants argue that counts related to the December Incident should be severed from those related to the February Incident because of significant disparities in the amount and strength of evidence regarding Defendants' alleged involvement in each incident. Burton claims that the Government has not alleged that Burton was at or around the crime scene during the December Incident and has not produced any evidence identifying Burton as a perpetrator of that incident. Burton notes that, in contrast, the Government's discovery reflects that a witness identified Burton as a perpetrator in the February Incident. Given these disparities, he argues that there is a risk of

"prejudicial overlay." In other words, the jury might infer that, if Defendants were involved with one incident, then they were likely involved in both.

The Government responds that, although the counts relate to two incidents that occurred at different times, joinder is proper because both were "part of a single conspiracy whose object was to kidnap people, rob them, and split the money among the group." (Gov't Opp. at 7.) Moreover, the Government asserts that both incidents involved common tactics in which the conspirators "used weapons, immobilized their victims, stole their cell phones to transfer money into accounts the defendants controlled, drove the victims to banks, and forced them to withdraw additional money." (*Id.*)

We find that joinder was proper. The Third Circuit has found that, as here, "one conspiracy can involve multiple subsidiary schemes." *United States v. Fattah*, 914 F.3d 112 , 169 (3d Cir. 2019). Although Burton's alleged involvement in the December Incident may have been more attenuated, the Indictment still alleges that he participated in both. Moreover, both incidents allegedly shared an overarching plan and purpose: kidnapping people, robbing them, and splitting their money. While the victims differed, the co-conspirators generally remained the same.

We therefore find that joinder was proper under Rule 8(b).[3]

**B.    Whether Joinder of Counts in the Indictment Prejudices Defendants And Entitles Them to Relief Under Rule 14.**

Even if joinder is proper under Rule 8, a court may still find that a defendant is entitled to relief under Rule 14 based on unfair prejudice. The "principal consideration" under Rule 14 is "[w]hether a consolidated trial would be so prejudicial to a defendant that it outweighs the

---

[3] The Third Circuit, following the Supreme Court, has recognized the "fundamental principle that the federal system prefers joint trials of defendants who are indicted together because joint trials promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts. *United States v. Urban*, 404 F.3d 754, 775 (3d Cir.2005) (quoting *Zafiro*, 506 U.S. at  537 ).

convenience, economy, and efficient administration of justice" present in a single trial. *U.S. v. Quatermain*, 467 F. Supp. 782, 784 (E.D. Pa. 1979). In performing this inquiry, we assess whether the jury will be able to "compartmentalize the evidence" considering its volume and limited admissibility. *United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005) (internal citations omitted).

Burton sets forth two primary reasons why the risk of prejudice outweighs considerations of efficiency and warrants severance. (Motion at 8.) First, he claims in passing that he may be "confounded in presenting defenses, as where he desires to assert his privilege against self-incrimination with respect to one crime but not to the other." (*Id.*) Second, Burton argues that the jury may cumulate the evidence of separate crimes, such as by inferring Burton has a criminal disposition and treating the inference as evidence of guilt. (*Id.*) Burton further contends that the Third Circuit's decision in *United States v. Wright*, 665 F.3d 560, 575 (3d. Cir. 2012) shows why severance is necessary given the "risk of prejudicial spillover." Jackson-Fletcher further argues that allegations regarding choking a minor victim during the February Incident are so inflammatory that they could result in the jury being unable to render a fair verdict as to the December Incident. (Motion to Join, ECF No. 94 ¶¶ 11-12.)

The Government responds that Defendants have not shown the type of clear and substantial prejudice that would warrant severance. Instead, the Government contends that this "relatively straightforward and discrete" case does not present significant risk that the jury will improperly cumulate the evidence. (Gov't Opp. at 9.) Moreover, the Government claims that Burton's reliance on *Wright* is misplaced because that case addressed the risk of prejudicial spillover in the context of a post-conviction vacatur of charges, not a pre-trial motion for severance. (*Id.*) Finally, the Government argues that evidence regarding both incidents is relevant to the conspiracy charge

6

and that, even without a conspiracy, "evidence of each kidnapping would likely be admissible in the trial of the other under Federal Rule of Evidence 404(b)." (*Id.* at 10.)

We find that Defendants have not established an adequate risk of prejudice to warrant severance of counts under Rule 14. Although Burton suggests he may be confounded in presenting defenses, such as in deciding whether to assert or waive his right against self-incrimination, he has not explained why, and the risk of potential prejudice is therefore speculative. *See United States v. Johnson*, No. 21-cr-39, 2022 WL 2953904, at *9 (W.D. Pa. July 26, 2022) ("Speculation and generalized allegations of prejudice are, of course, insufficient bases for a Rule 14 severance.") Moreover, there is not substantial risk that the jury will improperly cumulate evidence, including that relating to a minor victim, because the issues are relatively straightforward and discrete. Months elapsed between the alleged December and February Incidents; the December Incident involved a single victim while the February Incident involved several; and the conspiracy, as alleged, was limited to two incidents. In short, even if some evidence is only relevant to certain counts, a jury would reasonably be expected to compartmentalize the evidence and follow the court's limiting instructions.[4] *See United States v. Hudgins*, No. 06-490-01, 2007 WL 1695376, at *4 (E.D. Pa. June 12, 2007), *aff'd*, 338 F. App'x 150 (3d Cir. 2009) ("As the Supreme Court has repeatedly stated, it is presumed that juries follow their instructions." (citing *Greer v. Miller*, 483 U.S. 756, 766, n. 8 (1987)).

---

[4] Defendants' referenced case law does not alter our conclusion. Burton refers to both *Wright* and *United States v. Green*, 114 F. 4th 163, 177 (3d Cir. 2024) to support his argument to sever counts. *Wright* involved whether, following vacatur of a conviction, the remaining convictions were also tainted; it did not address joinder or severance under Rules 8 and 14. The decision to reverse a denial of severance in *Green* is also distinguishable, as the Third Circuit's analysis turned on the fact that "[t]he Government did not charge Wong, Green, and Murphy as part of a conspiracy." *Green*, 114 F.4th at 177.

**IV.    <u>CONCLUSION</u>**

For the foregoing reasons, the Motion to Sever Counts will be denied.  An appropriate

Order follows.


**BY THE COURT:**


*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**