**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | |
| CHRISTOPHER BURTON | : | NO. 23-154-1 |
| | : | |

**SURRICK, J.**                                                                    **JULY 1, 2025**

## MEMORANDUM

### I.    BACKGROUND

On April 21, 2025 Defendant Christopher Burton ("Burton") filed two *pro se* Motions in Limine (ECF Nos. 124 & 125) seeking to exclude prior statements and in-court testimony from two individuals, hereinafter referred to as "Witness W.J." and "Victim H.T."  Burton contends that the statements and testimony of these two individuals is unreliable, and that the probative value of their statements and testimony is substantially outweighed by the danger of unfair prejudice and the risk of misleading the jury.  The Government responded to both motions on June 4, 2025.  (ECF No. 148.)  For the following reasons, Burton's Motions will be denied.

### II.    LEGAL STANDARD

Federal Rules of Evidence 401 and 402 define relevance and provide that relevant evidence is generally admissible.  Under Rule 403, however, a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Rule 801 defines hearsay and Rule 802 provides that hearsay is inadmissible absent some exception provided for in a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court.

Defendant is *pro se*.  The Court's duty is to "liberally construe *pro se* filings with an eye toward their substance rather than their form."  *See United States v. Delgado*, 363 F. App'x 853, 855 (3d Cir. 2010) (citing *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999)).

## III.    DISCUSSSION

### A.    Defendant's Motion to Exclude Prior Statements of Victim H.T. And Witness W.J. Is Moot.

Defendant contends that the prior witness statements of H.T. and W.J. should be excluded because the statements are unreliable and "contaminated" due to interactions that took place between the witnesses and law enforcement authorities.  In response, the Government represents that it does not intend to introduce either of these prior statements during its case-in-chief.  (Gov. Resp., ECF No. 148, at 5-6.)  The Government further posits that the only circumstance under which the Government could potentially introduce portions of these statements is if Burton claims that a testifying witness recently fabricated information or acted from an improper motive in testifying.  (*Id.* at n.1.)  Given the Government's representation that it will not introduce these statements, and since admissibility would turn on the specific circumstances present at trial, ruling on this aspect of Defendant's Motion would be premature at this juncture.  Accordingly, to the extent Burton seeks to exclude prior statements of Victim H.T. and Witness W.J., his Motion is denied without prejudice.  Should the Government seek to introduce portions of H.T.'s and W.J.'s prior statements at trial, Burton may renew his objections at that time.[1]

---

[1]  Burton also references violation of his constitutional rights based on alleged coercive and suggestive questioning of Victim H.T. and Witness W.J.  To the extent that Defendant seeks to suppress the prior statements of W.J., the Court dealt with this issue (including W.J.'s recorded statement that Burton references) in its Memorandum & Order issued on June 23, 2025.  (ECF Nos. 156 & 157.)  To the extent Burton seeks to suppress the prior statements of Victim H.T., his threadbare argument that Victim H.T. and his wife "stated under oath how law enforcement provided them with false information" does not establish an adequate basis for suppression of evidence.  *United States v. Darby*, 306 F. App'x 776, 777 (3d Cir. 2009) ("A defendant seeking an evidentiary hearing on a motion to suppress must provide sufficient information

**B.** **Defendant's Motion to Preclude In-Court Testimony of Victim H.T. and Witness W.J.**

Burton seeks to preclude in-court testimony by Victim H.T. and Witness W.J. under Rule 403. In his *pro se* Motions Burton appears to argue that H.T. and W.J. should not be permitted to testify because they were coerced into adopting a narrative that law enforcement presented to them through suggestive questioning. Burton specifically contends that their testimony should be precluded under Rule 403 because it "was obtained through coercion and improper contamination" rendering the testimony "unreliable, inadmissible, unfair [] prejudice, under [the] Federal Rules of Evidence" (ECF No. 124, at 1; *see also* ECF No. 125, at 1.) Burton's arguments regarding unfair prejudice and the risk of misleading the jury are too speculative and conclusory to warrant the exclusion of Witness W.J.'s and Victim H.T.'s in-person testimony. Moreover, insofar as Burton focuses on the reliability of the witnesses, he fails to understand the analysis under Rule 403.

As the Third Circuit made clear in *United States v. Bergrin*, 682 F.3d 261, 280 (3d Cir. 2012), "an assumption about how the jury would view [the witness's] credibility [is] … an improper basis for discounting his testimony's probative value. *See also United States v. Welsh*, 774 F.2d 670, 672 (4th Cir. 1985) ("[A]s a general rule, the credibility of a witness has nothing to do with whether or not his testimony is probative with respect to the fact which it seeks to prove."). Rather, Rule 403 is only intended to guard against "unfair prejudice … prejudice of the sort which cloud[s] impartial scrutiny and reasoned evaluation of the facts, which inhibit[s] neutral application of principles of law to the facts as found." *Goodman v. Penn. Tpk. Comm'n*, 293 F.3d 655, 670 (3d Cir. 2002). *See also Bergrin*, 682 F.3d at 279 ("It must always be remembered that

---

to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion.") (internal citations omitted).

unfair prejudice is what Rule 403 is meant to guard against, that is, prejudice 'based on something other than [the evidence's] persuasive weight.'").

The relevance of Victim H.T.'s testimony is not outweighed by a substantial risk of prejudice. First, the victim's testimony is highly probative. The victim can describe what the perpetrators did; what was said by the perpetrators; what the perpetrators looked like; what the perpetrators wore; how, when and where the crime was committed; and provide other facts that can help a jury assess the evidence presented at trial. Second, Burton has not established a risk of substantial prejudice; instead he attacks H.T.'s credibility by claiming that the victim's testimony was unfairly influenced—or "contaminated"—by W.J.'s statement. Although Burton raised concerns that may warrant questioning on cross-examination, he has not established the kind of unfair prejudice that would justify excluding the victim's testimony at trial. At bottom, we find that the probative value of Victim H.T.'s testimony outweighs the risk of unfair prejudice under Rule 403.[2]

With respect to Witness W.J., Burton appears to argue that the Court should exclude the entirety of her in-court testimony because it is inadmissible hearsay, unreliable, and coerced. While the Court recognizes that there is a risk that W.J. may seek to offer testimony regarding what she overheard from others, and that such testimony could constitute inadmissible hearsay, Burton has not established why the Court should preclude her from testifying. The Government represents that W.J. will provide probative testimony, including statements from a co-conspirator, which it

---

[2] The case law Burton cites to support his arguments is inapposite. For instance, *Jackson v. Denno*, 378 U.S. 368 (1964), *Miranda v. Arizona*, 384 U.S. 436 (1966), *Hopt v. People*, 110 U.S. 574 (1884), and *Corley v. United States*, 556 U.S. 303 (2009) dealt with the admissibility of confessions by defendants, which is not at issue here. Likewise *Chambers v. Mississippi*, 410 U.S. 284 (1973) dealt with a defendant being deprived of an opportunity to confront a witness who had previously confessed to the crime at issue, and *United States v. Mejia*, 545 F.3d 179 (2d Cir. 2008) addressed whether an expert witness had improperly relied on inadmissible hearsay in forming his conclusions.

claims is admissible non-hearsay under Rule 801(d)(2)(E). We agree that statements of co-conspirators in furtherance of a conspiracy would be admissible under Rule 801(d)(2)(E). More broadly, we reject Defendant's attempt to entirely exclude the testimony of a witness instead of specifically identifying what testimony would be problematic and why. To the extent that Defendant seeks to undermine the testimony of W.J. by showing "contamination," he can raise these issues on cross-examination.

We will not preclude Victim H.T. and Witness W.J. from testifying at trial.

## IV.  <u>CONCLUSION</u>

For these reasons, Burton's Motion in Limine to Exclude Coerced and Contaminated Testimony Under Federal Rules of Evidence (ECF No. 124) and Motion in Limine to Exclude False And Unreliable Confessions and Statements from Evidence at Trial (ECF No. 125) will be denied. An appropriate order follows.

**BY THE COURT:**

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**