IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | |
| CHRISTOPHER BURTON | : | NO. 23-154-1 |

**MEMORANDUM AND ORDER**

**AND NOW**, this 26th day of January, 2026, upon consideration of Defendant Christopher Burton's *pro se*[1] Emergency Motion to Compel Preparation and Delivery of Trial Transcripts at Government Expense Under 28 U.S.C. § 753(f)[,] to Direct Prior Counsel to Surrender the Full Client File[,] and Accept and to Schedule Out-of-time Rule 29(c) and Rule 33 Filings ("Emergency Motion," ECF No. 284); the Government's Omnibus Response to Defendant's Post-Trial Motions ("Government Response," ECF No. 290); and Burton's *pro se* Response to the Government Omnibus [Response] ("Defendant's Reply," ECF No. 299), and after a hearing held on December 3, 2025, it is **ORDERED** that Defendant's Emergency Motion is **GRANTED** in part and **DENIED** in part as follows:

1. **Trial and Hearing Transcripts**

Defendant requests copies of all trial transcripts, from *voir dire* through the verdict. (Emergency Mot. at 3[2].) Defendant also requests transcripts of the following pretrial and status hearings: February 12, 2025 (ECF No. 293), March 24, 2025 (ECF Nos. 116 (sealed), 117), May 5,

---

[1] Defendant Burton has been represented by a series of four appointed or retained counsel and standby counsel. (*See* ECF Nos. 8, 43, 44, 70.) On March 24, 2025, the Court granted Defendant's request to proceed *pro se* and appointed then-counsel as standby counsel. (ECF Nos. 98, 100 (under seal).) Defendant's standby counsel was later permitted to withdraw, and the Court appointed Kenneth C. Edelin, Jr., Esquire as substitute standby counsel. (ECF No. 166). Shortly before trial, Defendant informed the Court that he no longer wished to proceed *pro se* and requested that Mr. Edelin represent him fully as counsel at trial. (ECF No. 192.) On December 1, 2025, Defendant again moved to proceed *pro se* and, after a hearing, the Court granted that Motion and appointed Mr. Edelin as standby counsel. (ECF Nos. 286, 288.)

[2] Citations to Defendant's Emergency Motion and Reply use CM/ECF pagination.

2025 (ECF Nos. 136, 138 (sealed)), July 1, 2025 (174, 176 (sealed)), and December 3, 2025 (ECF No. 295). (12/3/25 Hr'g Tr., ECF No. 295, at 17; Def.'s Reply at 2.) Defendant, who is detained at the Federal Detention Center ("FDC"), further asserts that he must be provided hard copies of the transcripts because he has insufficient access to a computer at the FDC to review the materials in electronic form. (12/3/25 Hr'g Tr. at 4-5, 7-8; Def.'s Reply at 2-4.) For example, Defendant testified that:

> It's – the last time they gave me electronic device, I was not able to prepare. It's 122 inmates on – on my unit. The computer is broken most of the time, or occupied. It's impossible. It's no way possible. I can go through these transcripts in a 30 days, 50 days, 60 days. Even if you extend it, it's impossible. It's – we only out of the cell at least eight hours of the day. We – this computer, if it's not broken. Is used – 122 inmates. Your Honor, it's impossible for me to get on this computer.

(12/3/25 Hr'g Tr. at 7.) Defendant argues that hard copy transcripts are necessary to provide him "an adequate record for meaningful review." (Emergency Mot. at 4.) He further asserts that he is entitled to hard copy transcripts pursuant to 28 U.S.C. § 753(b) and (f). (12/3/25 Hr'g Tr. at 13-14; Def.'s Reply at 1-2.)

The Government does not generally oppose Defendant's request for access to transcripts, but it submits that for the safety and protection of victims and cooperating witnesses, transcripts of their testimony must be provided to Defendant only in electronic form. (12/3/25 Hr'g Tr. at 5-6, 9-10; Govt. Resp. at ¶¶ 6-7.) The Government notes that its concern about victim and cooperating witness transcripts is "heightened following information the government received at the outset of the trial that members of the defendant's family were attempting to dissuade a key government trial witness from testifying." (Govt. Resp. at ¶ 7 n.1.) However, the Government has agreed to provide hard copies of all other transcripts, with redactions of victim names, references to cooperators, and personal identifying information of witnesses, if any, that appear in the testimony.[3] (*Id.* at ¶¶ 6-7;

---

[3] Defendant has not objected to the redaction of hard copy transcripts, although he asserts in his Reply that: "Specific redactions and required exemptions concerning Defendant[']s biological bias family

2

*see also* 12/3/25 Hr'g Tr. at 5-6, 9-10, 16.)  The Government's Response includes a chart listing each volume of the trial transcript and the format in which the Governement proposes each should be provided to Defendant.  (the "Proposed Production Format," Govt. Resp. at ¶ 6.)  To summarize, of the 13 days of trial transcripts comprising more than 1,700 pages, the Government proposes to provide Defendant all but approximately 450 pages—containing the testimony of victims and three other witnesses—in hard copy with redactions as noted above.  *Id.*  The Court approves the Government's Proposed Production Format, which appropriately balances Defendant's right to an adequate record with the security and safety concerns noted above and the Protective Order previously issued in this case.[4]  (ECF No. 24.)

None of the authorities Defendant cites—nor any the Court has located—require that a *pro se* defendant receive unrestricted access to copies of transcripts or other case material or hard copies of such materials.  Rather, Defendant is entitled to "a record of sufficient completeness to permit proper consideration of [his] claims."  *Mayer v. City of Chicago*, 404 U.S. 189, 194 (1971).  Further, an indigent defendant "is entitled to a trial transcript for appeal purposes pursuant to 28 U.S.C. § 1915(b)."  *United States v. Banks*, 369 F. Supp. 951, 953 (M.D. Pa. 1974) (citations omitted).[5] However, these authorities do not require that a defendant be provided personal copies of transcripts.  *United States v. Cousins*, 845 F. Supp. 2d 708, 710 (E.D. Va. 2012) (denying

---

members contradicting testimony, prior hearing and judgement [sic] must comply under Fed. R. Crim. P. 49.1(a)(b)."  (Def.'s Reply at 2 n.3.)  The Court notes that Rule 49.1 also expressly provides for the issuance of protective orders requiring redaction of additional information.  Fed. R. Crim. P. 49.1(e)(1).

[4] On April 29, 2023, the Government filed a Motion for Protective Order Concerning Disclosure of Discovery, Jencks Act, and *Giglio* Materials, to which neither Defendant objected, due to the Government's "concern that allowing the defendants to possess copies of [certain] material in the FDC could endanger the safety of potential government witnesses, including victims."  (ECF No. 19.)  The Court granted the unopposed Motion and issued the Protective Order on May 1, 2023.  (ECF No. 24.)

[5] The court in *Banks* noted that 28 U.S.C. § 1915(b) "speaks only in terms of appeals," and "[f]or virtually all other purposes a free transcript is a privilege committed to the discretion of the trial judge."  *Id.* (denying request for free transcript for purposes of motion for new trial) (citations omitted).

defendant's request for personal copies of transcripts based on concern that defendant "would use copies of the transcripts to intimidate or retaliate against witnesses"), *aff'd*, 473 F. App'x 287 (4th Cir. 2012); *see also In re Credico*, 694 F. App'x 102, 103 (3d Cir. 2017) ("While the Constitution requires the Government to 'provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal,' the Government need not provide a transcript if there is an 'adequate alternative.'") (quoting *Britt v. North Carolina*, 404 U.S. 226, 227 (1971)). Similarly, although 28 U.S.C. § 753(f) authorizes the provision of free transcripts to indigent defendants in criminal and habeas proceedings, and appeals therefrom, it does not require that transcripts be furnished in hard copy. 28 U.S.C. § 753(f); *see also In re Credico*, 694 F. App'x at 103 (noting that § 753(f) "does not clearly mandate that an indigent criminal defendant be given a *personal copy* of his trial transcripts when he is represented by counsel"); *Banks*, 369 F. Supp. at 953 n.4.

Moreover, although courts have held that a *pro se* defendant must be afforded reasonable access to resources and other materials for their defense, they have also recognized that access must be "balanced against security considerations and the limitations of the penal system." *United States v. Robinson*, 913 F.2d 712, 717 (9th Cir. 1990); *see also United States v. Ajala*, 692 F. App'x 716, 717 (4th Cir. 2017) (holding that while arrangements for defendant's access to discovery might have been inconvenient, they were not unreasonable); *United States v. Galloway*, 749 F.3d 238, 242 (4th Cir. 2014) (prohibiting defendant from taking any discovery materials, including his handwritten notes, into detention center did not deny him reasonable access); *United States v. Fabricant*, 506 F. App'x 636, 639 (9th Cir. 2013) (noting that *pro se* defendant was "entitled to *some* access [to materials to prepare his defense], not the access he would most prefer" (emphasis in original)); *United States v. Bisong,* 645 F.3d 384, 396 (D.C. Cir. 2011) (finding that defendant who was given

six hours to review sealed documents and allegedly never received "the bulk of the discovery material" was not denied reasonable access).

In short, Defendant does not have a right to hard copies of, or unrestricted access to, transcripts and other record materials. He is entitled to reasonable access. The difficulties attendant to Defendant's detention and his decision to proceed *pro se* do not render the limitations on his access unreasonable. On this point, the Court notes that it has appointed standby counsel to assist Defendant and has cautioned Defendant more than once about the risks and logistical difficulties inherent in proceeding *pro se*. *See, e.g., United v. Peppers*, 302 F.3d 120, 130 (3d Cir. 2002) (noting that "a defendant who chooses to represent himself must be allowed to make that choice, even if it works 'ultimately to his own detriment'") (quoting *Faretta v. California*, 422 U.S. 806, 834 (1975)); *United States v. Pina*, 844 F.2d 1, 5-6 (1st Cir. 1988) (holding that limitations on *pro se* defendant's access to legal materials did not amount to "no access" where the court warned defendant that his incarceration would make self-representation difficult and appointed standby counsel). Moreover, neither this Order nor the Protective Order prohibit standby counsel from showing the transcripts and other restricted materials to, or discussing them with, Defendant at meetings or by telephone. (Protective Order at 2.) *See Cousins*, 845 F. Supp. 2d at 71 n.3.

The Court finds that the Proposed Production Format provides Defendant reasonable access and strikes an appropriate balance between that access and the safety and security concerns noted above.

Accordingly, it is **ORDERED** that:

    a.    Within **ten (10) days** of the date of this Order, the Government shall deliver to the FDC the trial transcripts in accordance with and in the form specified in the Proposed Production Format.

      b.      Within **ten (10) days** of the date of this Order, Defendant's standby counsel shall deliver to the FDC the transcripts of the pretrial and status hearings held on February 12, 2025, March 24, 2025, May 5, 2025, July 1, 2025, and December 3, 2025. If standby counsel is unable to access any of these transcripts, he shall contact the Court's Chambers to obtain copies of the same.

      c.      The Government and standby counsel shall promptly file certificates of service setting forth the date and time the above-referenced transcripts were delivered to the FDC.

2. **Counsel's Client File**

Defendant requests an order requiring his former counsel to "surrender the complete client file, including any transcripts already obtained, discovery, notes, correspondence, and production letters." (Emergency Mot. at 2.) Defendant does not specify whether or to what extent any of the requested client file materials were previously provided to him by former counsel or by the Government during the approximately four months that Defendant was previously *pro se*. The record reflects that, at a minimum, discovery materials were made available to Defendant electronically at the FDC, and the Government's Jencks material production was delivered to the FDC on a disk for provision to Defendant on or about July 1, 2025. (7/1/25 Hr'g Tr., ECF No. 174, at 17-18; 12/3/25 Hr'g Tr. at 6.) In addition, counsel's file presumably includes discovery materials subject to the Protective Order, as well as the trial and hearing transcripts subject to Paragraph 1 of this Order. The Government takes no position on Defendant's entitlement to counsel's file except to request that file materials, in particular, transcripts, discovery, and Jencks material, be provided or made available to Defendant in accordance with the restrictions of this Order and/or the Protective Order. (Govt. Resp. at ¶ 8.)

Accordingly, it is **ORDERED** that within **five (5) days** of the date of this Order, standby counsel shall submit to the Court, *ex parte*, a list of the client file materials, if any, that have not previously been provided or made available to Defendant, identifying any such material that is subject to the access restrictions of this Order and/or the Protective Order.

### 3. Extension of Post-Trial Motion Deadline

It is **ORDERED** that Defendant's Motion is **GRANTED** to the extent that the deadline for Defendant to file any post-verdict motions or renewed motions for Judgment of Acquittal and/or New Trial pursuant to Federal Rules of Criminal Procedure 29(c) and 33, is **EXTENDED** to **May 4, 2025**. Defendant's request for a 120-day extension of the deadline for post-verdict motions is **DENIED**.[6]

**IT IS FURTHER ORDERED** that Defendant's standby counsel shall expeditiously serve a copy of this Order on Defendant and file a certificate of such service with the Court.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ R. Barclay Surrick
**R. BARCLAY SURRICK, J.**

---

[6] The Court has previously extended the post-verdict motion deadline twice, and this Order grants Defendant a further extension of approximately 90 days. Defendant's *pro se* status and the fact that he is incarcerated do not entitle him to unlimited extensions of Court deadlines. *See United States v. Siceloff*, No. 09-313, 2010 WL 1375370, at *2 n.1 (W.D. Pa. Apr. 6, 2010) (declining to grant defendant "special exception" to file untimely motions "simply because he has chosen to proceed *pro se*"), *aff'd*, 451 F. App'x 183 (3d Cir. 2011); *United States v. Davidson*, No. 08-169, 2009 WL 1346064, at *1 (E.D. Tenn. May 12, 2009) ("[*Pro se* defendant's] lack of access to legal information due to the fact that he is incarcerated, does not constitute a basis for granting relief from the motion-filing deadline.").